# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:21-MJ-384 |
| ) | |
| ALEJIS ACOSTA FELIX, ) | |
| ) | |
| FABIO FELIFELI, ) | |
| ) | |
| and ) | |
| ) | |
| WILIFRIDO JOSE TERAN GRANADILLO, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANTS

I, Kelly Hunt, being duly sworn, depose and state as follows:

### INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging ALEJIS ACOSTA FELIX, FABIO FELIFELI, and WILIFRIDO JOSE TERAN GRANADILLO with knowingly and intentionally conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 United States Code, Sections 70503(a)(1) and 70506(a) and (b).

2. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), United States Department of Justice, currently assigned to the Washington D.C. Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to

conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), including but not limited to, offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotics or other dangerous drugs, as enumerated in Title 18, United States Code, Section 2516(1)(e).

3. I have been a Special Agent with the FBI since June 2016. As a Special Agent with the FBI, I have participated in numerous narcotics investigations and arrests for violations of Title 21, United States Code. These investigations have involved debriefing defendants, witnesses, and informants, conducting surveillance, assisting in court-ordered interceptions, executing search warrants, seizing narcotics and narcotics-related assets, and making arrests for narcotics-related offenses. As a result of my law enforcement experiences, I am familiar with the manner in which various types of illegal drugs are cultivated, manufactured, distributed, or diverted, as well as the methods used to finance drug transactions and launder proceeds.

4. This affidavit does not contain every fact known to me regarding this investigation, but rather contains information necessary to demonstrate probable cause in support of the above-referenced criminal complaint and arrest warrant. The facts and information contained in this affidavit are based on my personal knowledge and information obtained from other law enforcement officers. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation.

5. This affidavit contains information necessary to support probable cause. The information contained in this affidavit is not intended to include each and every fact and matter observed by me or known to the government.

**PROBABLE CAUSE**

6. On or about November 20, 2021, while on routine patrol, the United States Coast Guard Cutter (CGC) Paul Clark identified a go-fast vessel (hereinafter "VESSEL"), with three individuals onboard, located approximately 135 nautical miles north of La Guajira, Colombia. While attempting to intercept the VESSEL, United States Coast Guard (USCG) personnel observed an unknown object jettisoned from the VESSEL. As the CGC Paul Clark was closing in on the VESSEL, the VESSEL made an abrupt turn which resulted in the two ships colliding. The three individuals onboard the VESSEL went into the water, where they were subsequently apprehended by USCG personnel.

7. USCG personnel located 11 bales onboard the VESSEL and one bale from the water. Upon further inspection of the bales, USCG personnel discovered multiple packages containing material that appeared to be marijuana and cocaine. USCG personnel field-tested some of the material, which tested positive for the presence of marijuana and cocaine. USCG personnel recovered approximately 36 pounds of suspected marijuana and approximately 360 kilograms of suspected cocaine.

8. The individuals onboard the VESSEL were later identified as ACOSTA FELIX, FELIFELI, and TERAN GRANADILLO. ACOSTA FELIX and FELIFELI claimed they are citizens of the Dominican Republic and TERAN GRANADILLO claimed to be a Venezuelan citizen. No master was identified, and no claim was made for the VESSEL. Due to the sea state, the VESSEL took on water, capsized and sank while USG personnel recovered the suspected narcotics.

9. The VESSEL is a "covered vessel" in that it was a vessel subject to the jurisdiction of the United States. The VESSEL was without nationality.

## CONCLUSION

10. Based upon the foregoing facts, I submit that there is probable cause to believe that on or about November 20, 2021, ALEJIS ACOSTA FELIX, FABIO FELIFELI, and WILIFRIDO JOSE TERAN GRANADILLO knowingly and intentionally conspired to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 United States Code, Sections 70503(a)(1) and 70506(a) and (b).

_____
Kelly Hunt
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to in accordance with Fed. R. Crim. P. 4.1
by telephone on November 26, 2021.

_____
The Honorable Theresa Carroll Buchanan
United States Magistrate Judge